## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

THE JOINT CORP., a Delaware corporation,

    Plaintiff,

  v.

DANIEL M. WEBER, D.C., P.A., a Florida corporation; DANIEL M. WEBER, an individual;

    Defendants.

Case No.

## COMPLAINT

Plaintiff The Joint Corp. ("Plaintiff" or "The Joint") sues Defendants Daniel M. Weber, D.C., P.A. and Daniel M. Weber, D.C., individually, and alleges as follows:

### Parties, Jurisdiction, and Venue

1. Jurisdiction in this Court is founded upon diversity of citizenship, 28 U.S.C. § 1332, the parties being citizens of different states and the matter in controversy exceeding $75,000.00, exclusive of interest and costs.

2. The Joint is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Scottsdale, Arizona.

3. Defendant Daniel M. Weber, D.C., P.A. is a Florida profit corporation with its principal place of business located in Melbourne, Florida.

4. Upon information and belief, Defendant Daniel M. Weber, D.C., is an individual residing in and a citizen of Melbourne, Florida.

5. Venue is proper in this District pursuant to 18 U.S.C. § 1391 because a substantial part of the events giving rise to this action occurred in Brevard County, Florida.

Further, Daniel M. Weber, D.C., P.A. has its principal place of business within this District, and Daniel M. Weber, D.C. resides within this District.

## General Allegations

6. The Joint is a franchisor of membership-based retail chiropractic services and franchises chiropractic clinics throughout the United States under the trademark and trade name The Joint®.

7. On December 21, 2007, The Joint Franchise Co., LLC, as franchisor, and Defendant Daniel M. Weber, D.C., as franchisee, entered into a franchise agreement (the "Franchise Agreement"), a true and correct copy of which is attached hereto as **Exhibit "A."**

8. In approximately 2010, as provided in paragraph 11.1 of the Franchise Agreement, The Joint Franchise Co., LLC, assigned Plaintiff its rights under the agreement, and Plaintiff now stands in the shoes of The Joint Franchise Co., LLC with respect to the franchise relationship that is the subject of this action.

9. Paragraph 7.4 of the Franchise Agreement obligated Defendant Daniel M. Weber, D.C., P.A. to maintain malpractice and other insurance policies and include The Joint as an additional insured.

10. Defendant Daniel M. Weber, D.C., P.A. failed to maintain any liability insurance policies listing Plaintiff as an additional insured.

11. In or about 2013, a professional malpractice action, *Eric Compton v. The Joint Franchise Co., LLC, et al.*, Case No. 052013CA024975 ("Compton Litigation"), was filed against both Plaintiff and Defendants in the Circuit Court of the 18th Judicial Circuit in and for Brevard County, Florida.

12. The filing of the Compton Litigation against Plaintiff caused it to expend

significant legal fees in defending the action.

13. The Compton Litigation concluded in January 2016 and, in exchange for a dismissal with prejudice, The Joint was required to pay the plaintiff the sum of $5,000.

14. The Franchise Agreement, at paragraph 5.3, obligates Defendant "to indemnify, defend and hold [Plaintiff] harmless from and against any and all claims arising in any way out of the operation of [Defendant's] franchised business."

15. The Compton Litigation arose from the operation of Defendant's franchised business and fell within the terms of paragraph 5.3 of the Franchise Agreement.

16. Defendant has refused to indemnify and hold Plaintiff harmless from the malpractice claims as required by paragraph 5.3 of the Franchise Agreement.

17. All conditions precedent to this action have been performed, have been satisfied, or otherwise have occurred.

18. Plaintiff has retained the undersigned attorneys to represent it in this action, and has agreed to pay a reasonable fee for their services.

19. Pursuant to paragraph 14.6 of the Franchise Agreement, Defendant Daniel M. Weber, D.C., P.A. is obligated to pay Plaintiff's costs and expenses, including its reasonable legal fees, in the event it becomes necessary to enforce the agreement in a judicial proceeding.

## FIRST CLAIM FOR RELIEF
## BREACH OF CONTRACT (against Daniel M. Weber, D.C., P.A. only)

20. Plaintiff restates and incorporates the allegations of paragraphs 1 through 19 above.

21. Plaintiff has incurred legal fees and other expenses related to the defense of the Compton Litigation.

22. Defendant Daniel M. Weber, D.C., P.A. is obligated pursuant to paragraph 5.3 of

the Franchise Agreement to pay the attorneys' fees and costs Plaintiff incurred in defending the Compton Litigation.

23. Defendant Daniel M. Weber, D.C., P.A. has breached the Franchise Agreement by failing and refusing to pay these amounts to Plaintiff.

24. As a direct and proximate result of Defendant's breaches of the Franchise Agreement, Plaintiff has incurred damages in an amount not less than $139,602.16, which has accrued and is accruing interest at 18% per annum under paragraph 6.3 of the Franchise Agreement.

## SECOND CLAIM FOR RELIEF
## COMMON LAW INDEMNIFICATION (against all Defendants)

25. Plaintiff restates and incorporates the allegations of paragraphs 1 through 24 above.

26. Although Plaintiff was without fault, Defendants' negligence was imputed to Plaintiff, thereby causing Plaintiff to incur significant damages related to the defense of the malpractice action.

27. Defendants were completely at fault in relation to the damages incurred by Plaintiff in relation to the malpractice action.

28. A relationship exists between Plaintiff and Defendants such that Plaintiff was and is liable for the acts and omissions of Defendants.

29. Defendants' failure to indemnify and make payment to Plaintiff has damaged Plaintiff in an amount not less than $139,602.16, which has accrued and continues to accrue interest at the prevailing legal rate.

**WHEREFORE,** Plaintiff, The Joint Corp., demands judgment against Defendants Daniel M. Weber, D.C., P.A., and Daniel M. Weber, D.C., and each of them, for damages, attorneys' fees, interest, and costs of this action.

Dated: June 19, 2017.

Respectfully submitted,

s/ Cassidy E. Jones
Cassidy E. Jones
Florida Bar No. 86156
cassidy.jones@quarles.com
**QUARLES & BRADY LLP**
101 East Kennedy Boulevard, Suite 3400
Tampa, Florida 33602
813/387-0300
FAX: 813/387-1800
*Attorneys for Plaintiffs*

QB\46508283.1